United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41376
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS ONTIVEROS-MAYORGA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-729-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Ontiveros-Mayorga ("Ontiveros") appeals from his guilty-plea conviction for reentry of a deported alien, in violation of 8 U.S.C. § 1326. Ontiveros argues that his sentence should be vacated and remanded because the district court sentenced him under the mandatory Guidelines scheme held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). He also argues that the district court erroneously determined that a prior state conviction was for a crime of violence.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court sentenced Ontiveros under a mandatory Guidelines regime, it committed Fanfan error. See United States v. Valenzuela-Quevado, 407 F.3d 728, 733 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); see also United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005)(discussing the difference between Sixth Amendment Booker error and Fanfan error). "[I]f either the Sixth Amendment issue presented in Booker or the issue presented in Fanfan is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005) (internal quotation marks and citation omitted). The Government concedes that Ontiveros's objection on the basis of Blakely was sufficient to preserve his Fanfan claim.

We conclude that the Government has not met its burden of showing beyond a reasonable doubt that the district court would have imposed the same sentence absent the error. See Pineiro, 410 F.3d at 286; United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005). We therefore VACATE Ontiveros's sentence and REMAND for re-sentencing. Because the Fanfan error requires remand for re-sentencing, we need not address Ontiveros's other claimed sentencing error. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

Ontiveros also challenges the constitutionality of 8 U.S.C. § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ontiveros contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Ontiveros properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Ontiveros's conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.